# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

February 17, 2009

Mr. Ronald Sticka
P.O. Box 11038
Eugene, OR 97401

Ms. Lavada Pendry
3800 Mt. View Dr. SE, #51
Albany, OR 97322-6433

RE: Sticka v. Velda Weyer and Lavada Pendry 08-6190-fra

Dear Mr. Sticka and Ms. Pendry:

    The Trustee has filed a motion for summary judgment in this adversary proceeding along with a concise statement of facts and a memorandum in support. The Defendant Lavada Pendry filed a response opposing the Plaintiff's motion. For the reasons that follow, Trustee's motion will be denied.

## BACKGROUND

    Debtor Velda Weyer filed a bankruptcy petition under Chapter 7 on November 29, 2007 and the Plaintiff, Mr. Ronald Sticka, was appointed Trustee. Defendant Lavada Pendry is the daughter of the Debtor.

    Debtor listed on her Schedule B a one-half interest in a manufactured home with the interest valued at $27,000. The interest in the mobile home was listed as exempt in Schedule C, under ORS 18.428(5).

    On August 25, 2008, the U.S. Trustee filed a complaint against the Debtor (08-6148-fra) seeking revocation of her discharge under Code § 727(d) based on allegations that Debtor had intentionally concealed the existence of gold and silver coins and bullion from the Trustee. Debtor's attorney withdrew as her attorney on September 11, 2008. The Debtor failed to appear for her scheduled deposition or otherwise contest the Complaint, and a default order and judgment were entered on October 8, 2008 revoking the Debtor's discharge.

    On September 29, 2008, the Plaintiff / Trustee filed this adversary proceeding against the Debtor and her daughter, the specifics of which will follow. Ms. Pendry moved in with her mother, who was 84

years old, in July 2008 in order to care for her and her affairs due to her mother's terminal cancer. The Debtor died of that illness in November 2008.

The Complaint

A. Claim 1- Avoidance of Post-Petition Transfer - Code § 549.

Alleges that the Debtor owned a manufactured home with her spouse who died shortly prior to the bankruptcy filing and that Debtor thus became entitled to the entire manufactured home immediately prior to the bankruptcy. It is further alleged that subsequent to the bankruptcy filing, Debtor transferred to Ms. Pendry an undivided one-half interest in the manufactured home.

Plaintiff seeks avoidance under Code § 549 of the post-petition transfer of the Debtor's interest in the manufactured home and preservation of the interest for the bankruptcy estate.

B. Claim 2 - Turnover of Estate Property - Code § 542.

Seeks turnover by Defendant Pendry of the documents of title for the manufactured home along with an appropriate release, as well as turnover, subject to the Plaintiff's discretion, of the contents of the manufactured home and other property of the estate for further administration and liquidation.

C. Claim 3 - Assessment Against Exempt Property - Code § 105.

A motion and order was filed by the Plaintiff as Trustee in Debtor's bankruptcy case seeking the turnover of silver and gold bullion and collectible coins alleged by the Trustee as having a total value of approximately $100,000. No response was made by Debtor and the order requiring turnover became final.
The Plaintiff alleges that these assets were wilfully concealed by the Debtor and were thereafter removed from her home or sold. The Plaintiff asks the court to exercise its equitable powers to allow the Plaintiff to liquidate otherwise exempt assets, including the manufactured home claimed exempt as a homestead, to be applied toward non-exempt assets which were concealed by the Debtor.

D. Claim 4 - Sale Free and Clear - Code § 363.

Seeks permission for the sale of Debtor's manufactured home and other property free and clear of any claims of liens or entitlements. to be applied toward the obligation owed by Debtor in this case.

E. Claim 5 - Liability of Transferee - Code § 550.

Seeks recovery for the benefit of the estate of all personal property, or the value thereof, from the initial or any immediate or mediate transferee of such transfer.

Plaintiff's Motion for Summary Judgment
Plaintiff relies primarily on the court's record in Debtor's bankruptcy case, on his own affidavit, and on an affidavit of a Scott Atkison to support his motion for summary judgment. He also filed a Memorandum in Support of his motion.

Defendant filed a memorandum opposing the motion for summary judgment.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 326-27 (1986).

## DISCUSSION

In his Memorandum, the Plaintiff argues that the unopposed order requiring that Debtor turn over silver, gold, and coins establishes the value of the assets acquired by the Debtor prior to bankruptcy. While the turnover motion/order describes the assets as having a value of approximately $100,000, the order itself merely orders the Debtor to turn over to the Trustee the "[s]ilver and gold bullion and collectable coins under possession or control of debtor as of November 29, 2007 . . . ." Moreover, it is the underlying evidence that should establish the value of the concealed assets, not the order itself.

In his Affidavit, the Plaintiff states that he was given permission to search the Debtor's premises on September 5, 2008 and that in so doing he found collectibles, including gold and silver coins, and an empty box containing empty coin rolls, empty coin boxes, and U.S. Mint brochures. The box was "identical" to the picture of one attached to an affidavit by Scott Atkinson in which Mr. Atkinson said were silver coins. A second container described by Mr. Atkinson as containing other property was not found. The Plaintiff's search yielded assets which he felt did not exceed $3,000 in value and a check for $8,100 from a sale of 90 rolls of half dollars in January 2008.

While not specifically cited to in Plaintiff's Concise Statement of Material Facts, an affidavit was filed by a Mr. Scott Atkinson, who is described as a relative of the Debtor. In his Affidavit, Mr. Atkison states that he was aware that the Debtor had not revealed the existence of valuable coins and metals to her bankruptcy attorney and that he took photographs of the concealed property on November 30, 2007, without the knowledge of the Debtor, when he was in her home as a guest. Attached to the Affidavit are several photographs purporting to show ingots and coins.

I do not believe the Plaintiff is entitled to summary judgment under this record, for the following reasons:

1) The record submitted with the summary judgment motion is, at best, unclear as to whether the estate's interest at the date of the petition was the entire mobile home or a one-half undivided interest. Moreover, Ms. Pendry now seeks to repudiate her transfer of the property to the Plaintiff: The court cannot, on the present record, ascertain whether law or equity permits her to do so. Summary judgment on the §549 claim is denied.

2) Trustee has not presented evidence, other than the unlitigated adversary proceeding to revoke Debtor's discharge and the unlitigated order requiring turnover, establishing that pre-petition assets in the amount of $100,000 were concealed from the Trustee. Evidence is missing that assets in that amount were in the possession of the Debtor at the time the petition was filed or that the Debtor's failure to turn over the property was willful. Mr. Atkison's affidavit, apparently prepared as part of the U.S. Trustee's case, indicates that he saw coins and ingots at the Debtor's residence the day after she filed bankruptcy, but offers no indication as to value or current whereabouts.

Defendant Pendry's response, although not in declaration or affidavit form, indicates that the Debtor's cancer had spread to her brain, and that she was probably unaware of what had happened to the coins or whether any remained, and that she failed to keep any records of sales. It is fair to surmise that Debtor, due to her age, her illness, and that her husband had recently passed away, was not thinking clearly during and after the bankruptcy filing.

3) The Court of Appeals in In re Latman, 366 F.3d 774 (9th Cir. 2004), while ruling that surcharging a debtor's exempt assets is within the bankruptcy court's equitable powers, makes it clear that the court's equitable power to fashion relief is to be used only in exceptional circumstances of debtor misconduct. Id. at 785. The Court has found, albeit in the context of a default judgment, that misconduct occurred. That may be the end result in this case. I am not prepared to fashion the extraordinary equitable relief sought by the trustee without a full review of the circumstances of the case. The motion for summary judgment does not allow for such review.

## CONCLUSION

An order will be entered by the Court denying Plaintiff's motion for summary judgment. The Plaintiff has indicated that the Defendant signed over the manufactured home to him. She has indicated to the Court that she did it in a state of exhaustion and confusion and would like it back. Until this matter is resolved through trial or otherwise, and until further order of the Court, the Plaintiff should not seek to liquidate the manufactured home or any other exempt assets in his possession.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge